**Marcia DUFOUR–DOWELL,
et al., Plaintiffs,**

v.

**Stephen W. COGGER, et al., Defendants.**

No. 95 C 4556.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 8, 1997.

Amy Lynn Silvestri, Rockford, IL, Joseph Gerard McGraw, Joseph G. McGraw, Ltd.,

Rockford, IL, for Marcia DuFour–Dowell, Paul Dowell, Yvonne DuFour, John DuFour, Paulette Dowell, Ian Kirk.

Francis P. Cuisinier, Russell W. Hartigan, Patrick Halpin O'Connor, James Patrick Newman, Russell W. Hartigan & Associates, Chicago, IL, for Stephen W. Cogger, Robert O'Malley, Village of Hinsdale.

Thomas F. Downing, Ellen L. Champagne, DuPage County States Attorney's Office, Wheaton, IL, for Rick Morgan, County of DuPage.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Following the close of discovery, plaintiffs moved to amend their complaint and defendants moved for summary judgment. Plaintiffs were granted leave to amend and the motion for summary judgment was granted in part, a substantial portion of the claims being dismissed. *See DuFour–Dowell v. Cogger,* 969 F.Supp. 1107 (N.D.Ill.1997) ("*Cogger*"). The parties were provided with the opportunity to further address the question of municipal liability and plaintiffs also moved for reconsideration, seeking the reinstatement of virtually all the claims that had been dismissed. Complete familiarity with *Cogger* is presumed.

■ With one exception, plaintiffs' arguments regarding their false arrest, malicious prosecution, excessive force, and intentional infliction of emotional distress claims are adequately covered by *Cogger* and require no further discussion. No basis is stated for revising the prior decision and reinstating any claims. The only issue as to these claims that need be addressed is the issue of whether, in relation to her malicious prosecution claim, DuFour–Dowell suffered a deprivation of liberty in being tried on the obstruction charge. In *Cogger,* 969 F.Supp. at 1115 n. 12, it is incorrectly assumed that the obstruction charge was dismissed in a pretrial proceeding. However, DuFour–Dowell was tried separately on that charge and a verdict in her favor was directed by the court. Still, that does not constitute a deprivation of liberty for purposes of a malicious prosecution claim. In a recent case, the plaintiff had been tried and acquitted on charges, yet the Seventh Circuit held that he failed to satisfy the deprivation of liberty requirement for malicious prosecution. *See Spiegel v. Rabinovitz,* 121 F.3d 251, 253, 256 (7th Cir.1997).[1] Therefore, even taking into account that DuFour–Dowell went to trial on the obstruction charge, it is held that she has failed to show that she suffered a deprivation of liberty and therefore her malicious prosecution claim must fail.

Still to be considered is the question of whether DuFour–Dowell may proceed against the municipal entities on her one remaining claim, the excessive force claim. The official capacity claims against the Sheriff were previously dismissed, *Cogger,* 969 F.Supp. at 1121–22, and therefore that issue is before the court on reconsideration. Previously, Hinsdale did not adequately raise the municipal liability issue, *see id.* at 1122, so that claim is still pending and its merits are before the court for the first time.

Municipal entities may not be held liable under § 1983 simply for employing a tortfeasor; *respondeat superior* is no basis for such liability. *Board of County Commissioners of Bryan County, Okla. v. Brown,* —— U.S. ——, ——, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997). A municipal entity may only be held liable if a municipal policy or custom caused the plaintiff's injury. *Id.*

> [I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between

---

1. *Cogger* cites the district court decision in *Spiegel.* See *Cogger,* 969 F.Supp. at 1115. At the time the *Cogger* opinion was issued on June 26, the Seventh Circuit had issued its affirmance in *Spiegel* as an unpublished order, depriving it of any precedential value. On July 28, however, *Spiegel* was reissued as a published opinion.

the municipal action and the deprivation of federal rights.

*Id.*

"Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Id.* at ——, 117 S.Ct. at 1389. Where it is claimed that an employee was encouraged to act unlawfully by his or her recognition that the municipality would not act to stop such conduct, it must be shown that the municipality continued to adhere to an approach that it knew or should have known had failed to prevent tortious conduct in the past and was likely to result in such conduct in the future. *See id.* at ——, 117 S.Ct. at 1390; *Robles v. City of Fort Wayne*, 113 F.3d 732, 736 (7th Cir.1997). The municipality must have acted with deliberate indifference to the known or obvious consequences. *Brown*, —— U.S. at ——, 117 S.Ct. at 1390. *See also Robles*, 113 F.3d at 736–37. DuFour–Dowell has not satisfied this standard as to either municipal defendant.

■ As to the Sheriff, it is claimed that he encouraged Morgan's conduct by failing to adequately investigate and discipline deputies who used excessive force. Plaintiff's claimed evidence of such a failure is the investigation of Morgan's conduct toward her and one other purportedly deficient investigation of a complaint against Morgan by Julio Valle, a subject of a traffic stop. Plaintiff refers to the Valle incident in her brief, but provides no evidence to support her contentions. As to the DuFour–Dowell incident, no administrative complaint was filed, but the Sheriff was well aware of the incident. The only investigation that took place was to interview DuFour–Dowell's landlord regarding statements she may have made regarding an intent to file a lawsuit against the Sheriff based on false allegations.

Even assuming that there is proof of deficient investigation into the DuFour–Dowell and Valle incident, plaintiff has not presented sufficient evidence to support a municipal liability claim. Both these investigations occurred after the alleged excessive force committed against DuFour–Dowell. While such after-the-event evidence might be admissible as additional proof of the situation as of the time of the DuFour–Dowell incident, plaintiff still must prove that conduct of the municipality caused Morgan's use of excessive force. There is no evidence that, as of August 19, 1994, Morgan was aware that his use of excessive force was likely to go unpunished by his employer. There is also no evidence that, as of that date, the Sheriff was aware of any problems with his deputies using excessive force or that deficiencies in investigations had permitted or encouraged any such unlawful conduct to continue. There is no proof of any prior incident involving the use of excessive force by a deputy. It cannot be found that the Sheriff was deliberately indifferent to the obvious consequences of any policy or custom of deficient investigations. The claims against the Sheriff will not be reinstated.

As to the Village of Hinsdale, DuFour–Dowell claims that the Village has a policy of measuring an officer's performance in terms of productivity, including by awarding points for each arrest made. Plaintiff claims this policy encourages Hinsdale police officers to make "bogus" arrests in order to get more productivity points. As with the Sheriff, plaintiff also contends that Hinsdale encourages misconduct by failing to adequately investigate complaints of misconduct. In particular, no investigation was ever conducted as to the incident with plaintiff and the Police Department does not initiate investigations based on lawsuits being filed if no administrative complaint is filed with the Police Department.

■ The first policy, if causation could be shown, might be pertinent to the Village's liability for an officer's arrest without probable cause. The only remaining federal claim in this case, however, is a claim for use of excessive force. Even if this policy encouraged officers to make arrests, there is no claim or evidence that it encouraged them to use excessive force in executing such an arrest. This policy, therefore, cannot be a

basis for Hinsdale's liability for excessive force.

The second policy relied upon fails to be a basis for Hinsdale's liability for reasons similar to plaintiff's failure to prove the Sheriff's liability. Plaintiff asserts, and defendant does not dispute for summary judgment purposes, that the Chief of Police is the pertinent policymaker and that he is unaware of any complaints of excessive force against a Hinsdale police officer during his 10–year tenure as Chief.[2] Plaintiff points to no evidence that any Hinsdale police officer has committed excessive force, or even any other type of misconduct, other than the one incident that is the subject of this case. Therefore, she points to no incident that was ignored that may have encouraged Cogger to commit excessive force. There is no evidence from which to find that Hinsdale, through its Chief of Police or otherwise, was deliberately indifferent to the obvious consequences of any policy or custom of deficient investigations. It cannot be found that any policy or custom of Hinsdale caused the use of excessive force. Hinsdale will be dismissed from this case.

The only remaining defendants in this case are deputy sheriff Morgan and police officer Cogger in their individual capacities. By prior order, further proceedings as to the excessive force claim against these two defendants is stayed pending appeal of the qualified immunity issue related to that claim. Since the only other claims are state law claims supplemental to the excessive force claim, no further action will be taken in this case until after the mandate is issued in the qualified immunity appeal.

IT IS THEREFORE ORDERED that plaintiffs' motion to alter or amend the opinion and order dated June 26, 1997[227] is denied. Defendant Village of Hinsdale's motion for summary judgment as to municipal liability is granted. Defendant Village of Hinsdale is dismissed from this case.

---

**2.** The way the question to the Chief was worded, he may have understood complaint to mean only administrative complaints. *See* O'Malley Dep. 110.